**Gregory David WERBER,
Petitioner–Appellee,**

v.

**UNITED STATES of America,
Respondent–Appellant.**

**No. 8, Docket 95–2668.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 5, 1998.

Decided July 27, 1998.

Lewis J. Liman, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Miguel A. Estrada, Special Assistant United States Attorney, Alexandra Rebay, Craig A. Stewart, Assistant United States Attorneys, on the brief), for Respondent–Appellant.

Kenneth D. Wasserman, New York City, for Petitioner–Appellee.

* Honorable Janet Bond Arterton, of the United States District Court for the District of Connecticut, sitting by designation.

Before: KEARSE and JACOBS, Circuit Judges, and ARTERTON *, District Judge.

JACOBS, Circuit Judge:

Petitioner Gregory David Werber was convicted in 1992 of four counts of fraud-related crimes in the United States District Court for the Southern District of New York (McKenna, *J.*), and was sentenced to 47 months, 12 days of imprisonment. Werber now moves pursuant to 28 U.S.C. § 2255, asserting that he was deprived of due process because the district court relied on a misunderstanding of law in imposing sentence, specifically, the court's (in fact erroneous) assumption that the Bureau of Prisons ("BOP") would credit a substantial portion of Werber's pre-sentence federal detention to his federal sentence, and that his federal sentence would therefore effectively run concurrently with a California sentence imposed for offenses that were taken into account in calculating the federal sentence. Instead, the BOP (properly) refused to credit Werber's pre-sentence federal detention to the federal sentence because it had already been credited to the California sentence, and because 18 U.S.C. § 3585(b) bars double-counting.

Werber has sought an adjustment in sentence to reflect the district court's undoubted intent to impose a sentence concurrent with the California sentence. In a prior appeal, we reversed the district court's grant of Werber's Rule 36 motion. *See United States v. Werber,* 51 F.3d 342, 349 (2d Cir.1995). The Government now appeals from the district court's order granting Werber's § 2255 motion, vacating the original sentence of 47 months, 12 days, and resentencing Werber to time served.

We conclude that at the time of the resentencing the district court lacked the authority to depart downward for its stated reasons, and we therefore vacate the time served sentence, and remand to the district court to impose a sentence of 47 months, 12 days.

## BACKGROUND

In 1986, Werber was convicted in the United States District Court for the District of New Mexico of fraud and related conduct, and sentenced to 10 years of imprisonment; he was released on parole on November 9, 1989. Even before his release from prison, however, Werber had begun planning a multi-faceted conspiracy with one John Peter Schmidt. They used phony employment applications to elicit personal information from strangers, and entered this personal information on forged birth certificates, which they then used to obtain driver's licenses and credit cards. Werber and Schmidt toured the country, using phony credit cards and counterfeit cashier's checks to make purchases (including exotic cars) worth nearly $1.5 million, and reselling some of their fleet to car dealers.

On January 30, 1990, Werber was arrested by California authorities while trying to resell a Porsche Cabriolet he had bought the day before with a counterfeit check. Werber pleaded guilty in California state court to grand theft of the vehicle, but his state sentencing was deferred pending his prosecution in New York on federal charges. After 168 days in state custody, Werber was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum.

On October 31, 1991, Werber was indicted (with Schmidt) in the United States District Court for the Southern District of New York on five counts arising out of the cross-country conspiracy that had been ended by his California arrest. On March 20, 1992, three days after the start of his bench trial, Werber pleaded guilty to fraudulent use of access devices in violation of 18 U.S.C. §§ 1029(a)(2) and 2; the trial continued on the other counts. On April 9, 1992, Judge McKenna found Werber guilty of conspiracy in violation of 18 U.S.C. § 371, interstate transportation of property taken by fraud in violation of 18 U.S.C. §§ 2314 and 2, and disposing of

property taken by fraud in violation of 18 U.S.C. §§ 2315 and 2.

With a two-point reduction for acceptance of responsibility, the guideline range was 51 to 63 months. Werber then sought a sentence reduction pursuant to U.S.S.G. § 5G1.3 for the 168 days he spent in state custody. Section 5G1.3 requires that a sentence be imposed concurrently with a separate, undischarged term of imprisonment if the conduct underlying the undischarged term has been "fully taken into account" in calculating the offense level for the underlying offense.[1] U.S.S.G. § 5G1.3(b) (1992). The Government opposed this motion on the ground that § 5G1.3(b) allows sentences to be concurrent with other undischarged *sentences,* but that Werber could not have been serving an undischarged California *sentence* because he had not yet been sentenced on that conviction.

The federal sentencing was adjourned. On September 1, 1993, Werber was sentenced by the California court to four years of imprisonment, which was fully discharged as soon as it was imposed by application of a credit for the time Werber had spent in federal custody.

Soon thereafter, the district court denied Werber's request for the 168–day downward adjustment pursuant to § 5G1.3(b), stating:

> Sentencing Guidelines § 5G1.3(b) does not apply in the circumstances of this case. One of the conditions of that subsection is that there be an "undischarged term of imprisonment." ... Here, since the California court credited Werber with 1,965 days in custody against his four year sentence (=1460 days), the term of imprisonment to which he was sentenced by the California court is discharged.

At his sentencing on October 22, 1993, Werber renewed his bid for the 168–day allowance, this time recast as a motion for a 168–day downward departure pursuant to U.S.S.G. § 5K2.0, which permits the sentencing court to depart from the guideline range

---

1. At the time of Werber's original sentencing on October 22, 1993, § 5G1.3(b) provided:

> If ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the

offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3 (1992).

to reflect aggravating or mitigating circumstances that were inadequately taken into account in formulating the Guidelines. Werber's motion heavily relied on Application Note 2 to § 5G1.3, which, Werber argued, authorizes a district court to craft a sentence that is effectively concurrent with another sentence, even if the other sentence has been discharged.[2]

The district court granted a 168-day downward departure pursuant to §§ 5K2.0 and 5G1.3 (Application Note 2), and, having selected 53 months as the appropriate term within the guideline range, sentenced Werber to imprisonment for a term of 47 months, 12 days (*i.e.*, 53 months minus 168 days). The court concluded that the Guidelines overlooked the possibility that a defendant who is sentenced in state court for conduct included in the federal sentence might already have completed the state sentence by the time of the federal sentencing, and that a departure was therefore needed to achieve "a sentence that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time."

Werber did not ask the district court to credit against his sentence the time he spent in federal detention before sentencing. Neither Werber nor the Government appealed.

In late October 1993, the BOP determined that most of Werber's pre-sentence federal detention could not be credited to his federal sentence, because the applicable statute, 18 U.S.C. § 3585(b), allows a credit to a federal sentence only for time spent in federal custody resulting from "the offense for which the sentence was imposed ... *that has not been*

*credited against another sentence.*" 18 U.S.C. § 3585(b) (1994) (emphasis added). That subsection precluded crediting that time to the federal sentence, because the California court had already credited most of Werber's pre-sentence federal detention against the California sentence.

In December 1993 and January 1994, Werber wrote to Judge McKenna, contesting the BOP's decision and arguing that (with allowances for additional "good-time" credit) his federal sentence should have been completed on November 12, 1993. Werber asked that the court "correct" the sentence, under Fed. R.Crim.P. 36, so that it would be concurrent with the California sentence. At a February 1994 hearing, Judge McKenna noted that the original sentence reflected the court's assumption that Werber would receive credit for the pre-sentence federal detention, then granted the Rule 36 motion to "correct" Werber's original sentence, and imposed a new sentence of time served, which in effect credited Werber for the pre-sentence federal detention and for "good time."

The Government appealed and, on March 29, 1995, we reversed and remanded with instructions to vacate the corrected judgment and to reinstate the original judgment against Werber. *United States v. Werber,* 51 F.3d 342, 349 (2d Cir.1995). We held that Rule 36 could be used only to correct clerical errors in a sentence and that the district court erred in employing that rule to correct an error of law. *Id.* at 348. In a footnote, we left open the possibility that Werber's claim of error might be cognizable under 28 U.S.C. § 2255:

---

**2.** At the time of Werber's original sentencing, Application Note 2 provided:

> When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense. *Example:* The defendant has been convicted of a federal offense charging the sale of 40 grams of cocaine. Under § 1B1.3 (Relevant Conduct), the defendant is held accountable for the sale of an additional 15 grams of cocaine that is part of the same course of conduct for which the defendant has been convicted and sentenced in state court (the defendant received a nine-month sentence of imprisonment, of

> which he has served six months at the time of sentencing on the instant federal offense). The guideline range applicable to the defendant is 10–16 months.... The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge, a sentence of seven months, imposed to run concurrently with the remainder of the defendant's state sentence, achieves this result.

> U.S.S.G. § 5G1.3, Commentary, Application Note 2 (1992). Application Note 2 to Section 5G1.3 was amended in 1995. *See* United States Sentencing Commission, *Guidelines Manual,* App. C, amendment 535 (1997).

To the extent that the defendants claim error in their original sentencing proceedings, the sentencing court would arguably have jurisdiction over their claims under 28 U.S.C. § 2255.... On remand, the district court would have the authority to permit defendants to amend their Rule 36 motions to become § 2255 petitions. We intimate no view with regard to the merits of any possible habeas claims or the proper interpretation of U.S.S.G. § 5G1.3.

*Id.* at 349 n. 17.

On remand, Werber moved for relief pursuant to § 2255. In the meantime, however, two events transpired that had important bearing on Werber's future imprisonment: (i) the United States Parole Commission ordered Werber to serve the remaining 3 years, 7 months on his 1986 conviction; and (ii) the California court vacated Werber's four-year sentence and resentenced him to probation.

On August 22, 1995, Judge McKenna granted Werber's § 2255 motion. He found that Werber's claim was cognizable under § 2255 because the court had "erroneously relied on [the] false assumption that [Werber] would be credited with time spent in federal custody beginning on July 17, 1990." He explained:

As the Court of Appeals correctly suggested, this Court "assumed that the Bureau of Prisons would credit Werber's federal sentence with the additional time he had spent in federal custody." 51 F.3d at 345. Had this Court understood that this was not to be done, *i.e.*, that the Bureau of Prisons would not credit against Werber's federal sentence not only time in state custody but also time in federal custody, the Court's departure in imposing sentence would not have been limited to the 168 days it thought necessary to deduct from the guideline sentence because those days had been spent in state, not federal, custody. Rather, the Court would have taken the appropriate steps at the original sentencing proceeding to impose a sentence of (or the equivalent of) 53 months, to be counted

from the date of petitioner's arrest by California authorities on January 30, 1990.

Noting that Werber had already served 53 months in prison (counting the pre-sentence federal detention), Judge McKenna again resentenced Werber to time served.

On appeal, the Government argues that the district court erred in granting Werber's § 2255 motion because: (i) Werber's claim of error is not cognizable under § 2255; (ii) the claim is procedurally defaulted; and (iii) the district court had no authority under the Sentencing Guidelines to depart downward to time served.

Because we find that the district court lacked the authority under the Sentencing Guidelines to depart downward for the reasons it stated, we vacate the corrected sentence and remand for imposition of a new sentence.

## DISCUSSION

### I

■ Werber contends that the Government's appeal is moot because even if we were to reinstate his original sentence, he already will have served it by virtue of the fact that the pre-sentence federal detention that was previously credited to his now vacated California sentence would now be credited to the 1993 federal sentence. We have previously stated that "collateral consequences alone will ... support appellate jurisdiction over a sentencing issue that may no longer affect the jail time that the defendant may serve." *United States v. Londono*, 100 F.3d 236, 242 (2d Cir.1996); *see also United States v. Kassar*, 47 F.3d 562, 565 (2d Cir. 1995). *A fortiori*, this appeal is not moot, because resolution of the sentencing issue will affect how long Werber is in jail, albeit on a different sentence: The BOP (the entity charged with making credit determinations) has indicated that if we reinstate Werber's original sentence, Werber will have to serve over seven months on his parole violation term, but that if we affirm, Werber will serve no further time. This controversy remains live.[3]

---

**3.** This case is distinguishable from *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71

L.Ed.2d 508 (1982), upon which Werber relies. In *Lane*, the defendants were imprisoned for

## II

The Government argues that Werber's claim of error is not cognizable under § 2255 and that Werber's motion is procedurally defaulted. Ordinarily, we would undertake to resolve these issues.[4] But this is an extraordinary case, because even if we were to hold (i) that Werber's § 2255 motion is cognizable, and (ii) that it is not procedurally barred, we would still be constrained to reach the same result as if we held otherwise, *i.e.*, we would still have to reverse and remand for imposition of the original sentence because prior to the resentencing, the California court vacated its four-year sentence and resentenced Werber to probation. This development rendered inconsequential the district court's misunderstanding of § 3585(b) at the original sentencing, and (more important for present purposes) it left the district court with no proper rationale for its downward departure. In these unusual circumstances, we avoid reaching the vexed issues of cognizability and procedural default, and we will proceed to the court's resentencing.

In resentencing Werber, the district court departed downward from the guideline range (beyond its original 168 day departure) to sentence Werber to time served. But the district court was not permitted to depart from the guideline range in resentencing Werber unless it found an aggravating or mitigating circumstance of a kind not adequately taken into consideration by the Sentencing Commission in formulating its Guidelines. *See* 18 U.S.C. § 3553(b) (1994); U.S.S.G. Ch. 1, Pt. A, intro. comment (4)(b) (1997).

The district court opinion can be read to advance two rationales for the district court's downward departure to time served.

■ *First,* the district court undertook to justify the departure as a way to achieve a sentence concurrent with the 1990 California conviction, a goal deemed appropriate because the California sentence involved con-

---

violating the terms of parole. They moved for release on the ground that the district court had failed to notify them of the mandatory parole term at their plea hearings. The Supreme Court found that because the defendants had completed the sentences for violation of parole, "[defendants] ha[d] obtained all the relief that they sought." *Id.* at 633, 102 S.Ct. at 1328. Although the conduct underlying their *parole violations* had collateral consequences, the Court concluded that no collateral consequences would ensue from the denial of the relief sought: an order stating that the completed sentences were void. *Id.* at 632–33, 102 S.Ct. at 1327–28.

**4.** As to whether Werber's claim is cognizable: "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.' " *Graziano v. United States,* 83 F.3d 587, 589–90 (2d Cir.1996) (*per curiam* ) (quoting *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir.1995)). Werber's petition boils down to a claim that the sentencing court committed a *legal error* in interpreting § 3585(b), *i.e.*, the district court failed to realize at the sentencing that § 3585(b) prohibited the BOP from crediting Werber's pre-sentence federal detention against his federal sentence (because that time had already been credited towards the California sentence), and as a consequence of this error, the district court failed to depart downward under § 5K2.0 to arrive at a

federal sentence wholly concurrent with the California sentence.

We do not reach the question of whether this error "constitute[d] a fundamental defect which inherently results in complete miscarriage of justice" where Werber was sentenced within the appropriate Guidelines range and the error of law resulted only in the court forgoing the exercise of its *discretion* to impose a lesser sentence. *See, e.g., United States v. Springs,* 988 F.2d 746, 747 (7th Cir.1993) ("A sentence within the Guidelines ... cannot be a 'complete miscarriage of justice.' Although a district judge's misunderstanding of the options for sentencing is regrettable, misapprehending the scope of one's discretion is some distance from a 'fundamental defect'."). We have yet to develop a framework for determining the existence of a complete miscarriage of justice in cases under the Sentencing Guidelines, and given the unusual circumstances of this case, we need not do so here.

Nor do we need to reach the procedural default issue, which has its own wrinkle: the applicability of the caveat we expressed in *United States v. Pipitone,* 67 F.3d 34 (2d Cir.1995) relating to when we will excuse a failure to raise an error on direct appeal. *See id.* at 38–39 ("We might be inclined to temper the rigor of th[e cause] rule in an unusual case, such as the present one, where *both* government and defense counsel were imperfectly aware of the applicable law at the time of initial sentencing, thereby frustrating the sentencing court from effectuating its preferred sentencing disposition.") (emphasis in original).

duct taken into account in calculating the offense level on the federal sentence. Appendix at 84–86, 113. On *re* sentencing, the district court said that had it understood (at the time of the original sentencing) that the pre-sentence federal detention could not be credited to the federal sentence (by virtue of 18 U.S.C. § 3585(b)), it would have departed downward pursuant to § 5K2.0 to effectuate a federal sentence fully concurrent with the California sentence by crediting Werber with *all* of the time he had served in custody prior to his sentencing (rather than only the 168 days he served in state custody). The circuit courts are split over whether a district court has authority pursuant to § 5K2.0 to depart downward to effectuate a federal sentence concurrent with a *discharged* state sentence where the conduct underlying the state sentence has been fully taken into account in computing the offense level for the federal sentence.[5] But we need not weigh in on this issue, because even if a district court has authority to depart downward pursuant to § 5K2.0 to achieve a sentence concurrent with a discharged state sentence, such a departure was not possible at the time of Werber's resentencing: On the date of the resentencing, there was no longer any state sentence to be served concurrently because on July 18, 1995—a month prior to Werber's resentencing—the Superior Court of California had vacated his original four-year sentence and resentenced him to probation.

If a sentence is imposed in violation of a constitutional right, § 2255 permits a court to "vacate and set the judgment aside and . . . discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. Because we assume for the purposes of this appeal that the original sentence was based on a misapprehension of fact or law, and therefore was completely invalid, the district court could not merely have corrected the sentence. And, in fact, the district court's August 22, 1995 memorandum and order reflects that the original sentence was vacated. That same order purports to "reinstate" the February 8, 1994 corrected sentence; but we vacated that sentence and reinstated the original sentence in Werber's earlier appeal, and therefore the February 8, 1994 sentence could not simply have been reinstated. Having vacated the original sentence, the district court was required to resentence Werber, and did.

In so doing, the district court was required to resentence Werber in light of the circumstances as they stood at the time of his resentencing. *See United States v. Core*, 125 F.3d 74, 77 (2d Cir.1997) ("When the trial court undertook to resentence [the defendant] . . . it was required to consider him as he stood before the court at that time."), *cert. denied*, —— U.S. ——, 118 S.Ct. 735, 139 L.Ed.2d 672 (1998); *United States v. Atehortva*, 69 F.3d 679, 686 (2d Cir.1995) (holding that on resentencing following vacatur of conviction on one count, "the district court must sentence the defendant de novo" on the other counts of conviction), *cert. denied*, 517 U.S. 1249, 116 S.Ct. 2510, 135 L.Ed.2d 199 (1996); *see also United States v. Jones*, 114 F.3d 896, 897 (9th Cir.1997) (holding that post-sentencing events must be considered in imposing fine on resentencing following grant of § 2255 motion); *United States v. Polland*, 56 F.3d 776, 778 (7th Cir.1995) ("[T]he effect of a vacation is to nullify the previously-imposed sentence. Therefore, the district court will be writing on a clean slate . . . .") (internal quotation marks and citation omitted); *cf. United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir.1993) (*per curiam*) (noting that "when a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced"). Accordingly, without any state sentence, the district court lacked any authority to depart

---

5. *Compare United States v. O'Hagan*, 139 F.3d 641, 658 (8th Cir.1998) (holding that district court has authority pursuant to § 5K2.0 to depart downward to reflect discharged state sentence taken into account in calculating the offense level for the federal sentence); *United States v. Phipps*, 68 F.3d 159, 162 (7th Cir.1995) (urging revision of § 5G1.3 to eliminate disparity between treatment of discharged and undischarged state sentences), *with United States v. McHan*, 101 F.3d 1027, 1040 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2468, 138 L.Ed.2d 223 (1997) (holding that district court did not have authority pursuant to § 5K2.0 to depart downward to reflect discharged state sentence).

under § 5K2.0 to reflect a concurrent sentence.

The consequence of resentencing Werber on the basis of circumstances that existed in the past, *i.e.*, resentencing Werber to time served without accounting for the vacatur of the California sentence, had an unintended effect on the manner in which the BOP credited Werber's custody. Because the district court had reduced Werber's federal sentence to time served, the BOP credited Werber's pre-October 1993 federal custody (which had previously been credited against the California sentence and which the district court had intended to concurrently satisfy Werber's federal sentence) against Werber's parole violation term, not against the federal sentence (no credit could be applied to the time served sentence). On the other hand, reimposition of the original sentence would have resulted in that time being credited against the 1993 federal sentence, which would have accorded with the district court's original intent. Therefore, the district court erred when it departed downward on the basis of a state sentence that had been vacated, and should be able to accomplish what it intended by reimposing the original sentence.

■ *Second,* the district court noted that a sentence of time served was appropriate because (including Werber's pre-sentence federal detention) Werber had already served 53 months, the full term of his original sentence. This was error.

"After a defendant is sentenced, it falls to [the] BOP, not the district judge, to determine when a sentence is deemed to 'commence,' *see* 18 U.S.C. § 3585(a); [and] whether the defendant should receive credit for time spent in custody before the sentence 'commenced,' *see id.* § 3585(b)." *United States v. Pineyro,* 112 F.3d 43, 45 (2d Cir. 1997) (*per curiam*); *see also United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992).

The district court was not permitted to credit any of the time served by Werber to his sentence:

i. The district court was prohibited from crediting the 21 months that Werber served in federal detention following com-

mencement of his October 1993 federal sentence because the BOP was entitled to determine when Werber's new sentence (the August 1995 sentence) actually commenced and the proper amount of credit for time already served.

ii. The district court could not credit the 39 months Werber served in federal custody prior to his original 1993 sentence because Werber served this time prior to the imposition of his federal sentence and only the BOP is entitled to give credit for time served prior to the commencement of a sentence.

Therefore, although presumably the BOP will now credit Werber with (i) the time he served in federal detention prior to his October 1993 sentence (given the vacatur of the California sentence to which this time had previously been credited), and (ii) the time he served following the imposition of the October 1993 sentence, the district court had no authority to reflect such credit in its new sentence.

Accordingly, the district court articulated no valid basis for departing downward, and its sentence of time served, being outside the guideline range, is illegal. That sentence must be vacated and the case remanded to the district court to impose a sentence of 47 months, 12 days.

## CONCLUSION

We vacate the corrected sentence of time served, and remand to the district court to impose a sentence of 47 months, 12 days. The district court shall set a prompt surrender date.