UNITED STATES of America Appellee,

v.

Carlton LOUIS, Defendant–Appellant.

Nos. 02–1431(L), 02–2054.

United States Court of Appeals, Second Circuit.

June 10, 2003.

Jonathan S. Kolodner, Assistant United States Attorney (Christine H. Chung, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, N.Y., for the Appellee.

Philip R. Schatz, Wrobel & Schatz, L.L.P., New York, NY, for Appellant.

Present: McLAUGHLIN, KATZMANN, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant Carlton Louis appeals the sentence imposed by the district court for his violation of supervised release. For the reasons that follow, we affirm the decision of the district court.

Louis was convicted in the United States District Court for the Eastern District of Virginia (Hilton, *J.*) of possessing contraband in prison in violation of 18 U.S.C. § 13 and Virginia Code Annotated § 53.1–203(4). On December 22, 1994, Louis was sentenced to a forty-one-month term of imprisonment and a two-year term of supervised release. Louis was released from prison in March 1999 and moved to New York. While serving his term of supervised

release under the United States Probation Office in the Southern District of New York, Louis was convicted of a series of drug possession and sale crimes in New York state in violation of his supervised release. On April 18, 2001, Louis appeared before the United States District Court for the Southern District of New York (Pauley, *J.*) and pled guilty to a violation of his supervised release. Sentencing for the violation was delayed by a change in counsel and the events of September 11, 2001. While his sentencing for the violation of supervised release was pending, a federal detainer was issued. As a result of the detainer, the New York State Department of Corrections revoked Louis's state work release and re-incarcerated him for a period of four months and one week. On December 21, 2001, the district court sentenced Louis to nineteen months' and three weeks' imprisonment, followed by an additional term of supervised release of one year, four months, and one week.

This Court will review a district court's legal determinations in imposing sentence *de novo. See United States v. Merced,* 263 F.3d 34, 36 (2d Cir.2001). We will "reverse a district court's imposition of a sentence in the absence of an applicable sentencing guideline only if 'it is plainly unreasonable.'" *United States v. Wirth,* 250 F.3d 165, 169 (2d Cir.2001) (quoting 18 U.S.C. § 3742(a)(4)).

The revocation of supervised release is governed by 18 U.S.C. § 3583(e). A district court may:

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court ... finds ... that the defendant violated a condition of supervised release.

18 U.S.C. § 3583(e)(3). The statute further provides that a "defendant whose term is revoked ... may not be required to serve ... more than 2 years in prison if [the underlying] offense is a class C or D felony."[1] *Id.* The parties agree that, under the pre-amendment version of 3583(e)(3),[2] if less than the maximum imprisonment has been imposed, a district court may also reimpose a term of supervised release following revocation and reincarceration, so long as the aggregate of the new term of incarceration and new term of supervised release does not exceed the maximum supervised release term for the underlying offense. *Johnson v. United States,* 529 U.S. 694, 712–13, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The maximum "authorized term[ ] of supervised release ... for a ... Class D felony [is] not more than three years." 18 U.S.C. § 3583(b)(2).

The issue raised by this appeal is how best to characterize the sentence imposed by the district court. Louis argues that the district court imposed a sentence of twenty-four months' imprisonment, and then credited the four months and one week he had served in state prison because

---

**1.** The maximum term of imprisonment for Louis's underlying offense was five years. *See* VA.CODE ANN. §§ 53.1–203(4), 18.2–10(f) (2002); *see also* 18 U.S.C. § 13 (assimilating Virginia statute). The offense was therefore a class D felony in the federal classification. *See* 18 U.S.C. § 3559(a)(4).

**2.** The current language of 18 U.S.C. § 3583(h) expressly allows additional supervised release following a revocation term of imprisonment for violation of supervised release, but both parties concede that this section does not apply to Louis because his underlying offense occurred prior to the amendment's effective date of September 13, 1994.

of the federal detainer against the twenty-four months, yielding the nineteen months and one week actually imposed. Under Louis's theory, the resulting sentence of twenty-four months' imprisonment plus sixteen months' supervised release exceeds the statutory thirty-six-month maximum. The government contends that the district court merely took the state time into consideration as a reason for leniency and imposed the nineteen-month sentence pursuant to its discretion, resulting in an overall sentence within the statutory maximum.

Louis's argument must fail because the district court could not have credited Louis's state imprisonment. The Supreme Court has made clear that 18 U.S.C. § 3585(b) does not authorize a district court to compute credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Rather, as this Court has held, credit is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced; although the defendant may, after exhausting his administrative remedies, obtain judicial review of the Bureau's determination, the credit is not determined at the time of sentencing. *See United States v. Montez-Gaviria*, 163 F.3d 697, 700–01 (2d Cir.1998); *United States v. Labeille-Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998); *Werber v. United States*, 149 F.3d 172, 179 (2d Cir.1998). It is clear that the district court had no authority to grant a credit at the sentencing stage (such authority belonged to the Attorney General) and that the court's actions during sentencing represented a discretionary display of leniency in calculating Louis's sentence. Therefore a supervised release term of one year, four months, and one week could be imposed because the incarceration and supervised release aggregated did not exceed the three-year maximum

total term permitted for the underlying offense.

We have considered all of appellant's arguments. The judgment of the district court is **AFFIRMED**.