**UNITED STATES of America,**
**Appellee,**

v.

**Luis ROJAS, also known as El Gordo,**
**Defendant–Appellant.**

**Docket No. 03–1062.**

United States Court of Appeals,
Second Circuit.

July 22, 2004.

---

\* The Honorable Denise Cote, United States District Court for the Southern District of

Joshua A. Levine, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Edward D. Wilford, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and COTE, District Judge.\*

SUMMARY ORDER

Defendant-appellant Luis Rojas was indicted for conspiracy to possess, and to possess with intent to distribute, five or more kilograms of cocaine in violation of 21 U.S.C. § 846. Following a guilty plea, Rojas was sentenced to 360 months' imprisonment. Rojas now appeals the validity of his sentence in light of (1) the government's alleged suppression of favorable evidence relevant to punishment, (2) the district court's (Schwartz, *J.*) refusal to depart downward and sentence Rojas as a Category I offender rather than a Category II offender under the Federal Sentencing Guidelines, and (3) the calculation of drug quantity by the district court, and not a jury, in the wake of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

New York, sitting by designation.

This Court having assumed in banc jurisdiction over Rojas' challenge to the sentencing calculations in his case, we cannot address Rojas' second and third arguments.

His first argument, which is based on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is unavailing. To prove a violation of *Brady* a defendant must show "(1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Coppa,* 267 F.3d 132, 140 (2d Cir.2001). We find that Rojas has met neither the first nor the third requirement.

We have considered all of Rojas's arguments and—with the exception of Rojas' sentencing challenges, which are no longer before us—we find them to be without merit. The judgment of the district court is therefore AFFIRMED, except to the extent that it is based on challenged sentencing calculations.