George **FAGBORE**, Petitioner–
Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 05–5221–pr.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

**890**

George Fagbore, pro se, White Dear, PA, for Petitioner–Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Richard P. Donoghue, Assistant United States Attorneys, of counsel, Brooklyn, NY, for Respondent–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant George Fagbore, *pro se,* appeals from the September 12, 2005 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *J.*) denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus, in which he requested credit for time served in detention while his federal criminal proceedings were pending. We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

We affirm the judgment of the District Court. Although a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," that credit applies only to time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Time that has been credited to a state sentence may not also be credited towards a federal sentence because "18 U.S.C. § 3585(b) bars double-counting." *Werber v. United States,* 149 F.3d 172, 173 (2d Cir.1998). Because the Government demonstrated in the District Court that the time between January 19, 2001 and July 12, 2001 had been credited toward a state sentence, the District Court properly found that this time could not be credited to Fagbore's federal sentence. Fagbore's claims of prejudice and challenges to the Government's evidence are also without merit. Although Fagbore contends that he was prejudiced by the introduction of his criminal history, that information had no relevance to the District Court's decision regarding time credit. Moreover, there is no basis in the record, and Fagbore has failed to articulate any valid reason, for challenging the Government's evidence, particularly as Fagbore submitted the same "Jail Time Certification," which established that the relevant period had been credited to his state sentence.

For the foregoing reasons, we AFFIRM the judgment of the District Court.