09-5066-cr
USA v. Rojas

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of  March, two thousand eleven.

Present:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 09-5066-cr

LUIS ROJAS, also known as El Gordo,

> *Defendant-Appellant*.

———————————————————————————

For Defendant-Appellant:          Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, N.Y.

For Appellee:          Daniel C. Richenthal, Assistant United States Attorney (Jesse M. Furman, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Rojas appeals from a December 1, 2009 amended judgment of conviction entered by the United States District Court for the Southern District of New York (Keenan, *J.*). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only to the extent necessary to explain our decision.

On March 26, 2002, Rojas pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. § 846. Following a *Fatico* hearing, the district court (the late Judge Schwartz then presiding) sentenced Rojas principally to 360 months' imprisonment in January 2003. Rojas then appealed from his conviction and sentence. This court affirmed the conviction by summary order, *United States v. Rojas*, 102 F. App'x 740 (2d Cir. 2004), and by order dated February 4, 2005, permitted Rojas to seek resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and this court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), by completing a form. Having received no response to the order, this court's mandate issued on March 11, 2005. In October 2008, Rojas moved for substitution of counsel, to recall the mandate, and to remand for resentencing. The government did not oppose those motions, which this court then granted. On remand, the case was reassigned to Judge Keenan, who by order

2

issued on August 13, 2009,[1] vacated Rojas's original sentence and held that Rojas was entitled to *de novo* resentencing pursuant to *United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005), because he had preserved his claim of Sixth Amendment error. On December 1, 2009, Judge Keenan resentenced Rojas principally to 360 months' imprisonment. In this appeal, Rojas challenges the procedural and substantive reasonableness of that sentence.

We first address Rojas's challenges to the procedural reasonableness of his sentence. "We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010). Where, as here, our previous mandate required that the district court resentence the defendant *de novo*, the district court must resentence the defendant "in light of the circumstances as they stand at the time of his resentencing." *Id.* at 54 (quoting *Werber v. United States*, 149 F.3d 172, 178 (2d Cir. 1998)) (alteration and internal quotation mark omitted). A district court commits procedural error where it, *inter alia*, fails to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Rojas contends that the district court erred by failing to take into account new evidence and changed circumstances, including Rojas's rehabilitation, age, health problems, financial resources, and family situation.

As a general matter, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). "[N]o 'robotic incantations' are required to prove the fact of consideration, and we will not conclude that a

---

[1] As the district court noted, due to a typographical error, the date printed on this order reads "August 13, 2008." App. 362.

district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Id.* (citations and footnote omitted). Rojas does not dispute that Judge Keenan stated on the record that he had reviewed all the parties' submissions and had considered the sentencing factors set forth in § 3553(a). Nevertheless, he asserts that we should not apply our presumption that the sentencing judge faithfully discharged his duties.

In this regard, Rojas relies on our holding in *United States v. Hernandez*, 604 F.3d 48, where we vacated the district court's reimposition of an identical 405-month term of imprisonment on remand because the record indicated that the court failed to consider the § 3553(a) factors — most notably, "evidence of rehabilitation and other mitigating evidence" — despite the court's assertion that it had reviewed the parties' submissions and assessed the statutory factors, *id.* at 52, 55. *Hernandez*, however, is distinguishable from the instant case. We did not vacate the sentence in *Hernandez* merely because the district court, without elaborating on each of the statutory factors, imposed an identical term of imprisonment when considerable time had elapsed since the original sentencing. Rather, in *Hernandez*, the record clearly indicated that the district court did not properly consider the defendant's rehabilitation. The district court in *Hernandez* "misconstrued the scope of re-sentencing" by assuming that the only relevant issue on resentencing was the need for factual findings supporting a four-level role enhancement under the United States Sentencing Guidelines (the "Guidelines"), which was the defect that led to the vacatur of the initial sentence. *Id.* at 52, 54. This understanding was in error. The defendant in *Hernandez* was initially sentenced in 1991, and we concluded that "the law of sentencing substantially evolved, and [the defendant] may have undergone a remarkable

4

rehabilitation" during the "fifteen-year hiatus" between the original vacatur of the sentence and the resentencing, thus necessitating a *de novo* resentencing. *Id.* at 54. Therefore, we vacated the sentence, notwithstanding the district court's statement that it had considered the statutory factors, because it was apparent from the record that the district court incorrectly understood the scope of its resentencing authority to be limited.

Here, by contrast, the record makes plain that the district court understood that it was to resentence Rojas *de novo*. In his August 13, 2009 order, Judge Keenan expressly held that Rojas was entitled to *de novo* resentencing because he had preserved his objection to the compulsory application of the Guidelines. This order also directed the Probation Department to prepare an updated Presentence Report ("PSR") and granted Rojas permission to be interviewed by a "sentencing advocacy and mitigation firm." App. 310-11. Defense counsel's written submissions and arguments at the resentencing hearing focused on the changes in Rojas's circumstances since the initial sentencing, and in his colloquies with counsel during that hearing, Judge Keenan specifically referenced the new information that was provided regarding Rojas's finances and family circumstances. Judge Keenan also deviated from Judge Schwartz's sentence in certain respects by declining to impose a fine due to Rojas's inability to pay and by recommending that Rojas be designated to serve his sentence in a facility near New York.[2] These aspects of the record, in conjunction with Judge Keenan's statements that he had reviewed all of the parties' sentencing submissions and considered the statutory factors, provide no basis

---

[2] While the elimination of a previously imposed fine does not by itself establish that a district court understands its authority to resentence *de novo*, *cf. Hernandez*, 604 F.3d at 52 (noting that the district court, on consent, reduced the amount of the fine initially imposed), it at least suggests that the district court was operating with that understanding.

to rebut the presumption that Judge Keenan in fact considered Rojas's arguments and the statutory factors in connection with the *de novo* resentencing. Therefore, we detect no procedural error in the fact that Judge Keenan did not "expressly parse or address every argument relating to those factors that the defendant advanced." *Fernandez*, 443 F.3d at 30.

Rojas also contends that Judge Keenan procedurally erred by relying excessively on Judge Schwartz's prior factual findings and sentence, and by discussing at length his professional association with and esteem for Judge Schwartz. We are not convinced that Judge Keenan impermissibly treated Judge Schwartz's findings and sentence as a "baseline." While Judge Keenan referred to and adopted Judge Schwartz's findings that Rojas distributed approximately 2,900 kilograms of cocaine, managed or supervised a cocaine distribution conspiracy involving five or more participants, and possessed a firearm in connection with this activity, it does not follow from his agreement with these findings that Judge Keenan erroneously believed that he was not free to revisit them. Given Judge Keenan's manifest understanding that he was not bound by previous sentencing determinations in the case, his statements of agreement with Judge Schwartz do not, without more, amount to procedural error, especially where Rojas does not challenge on appeal the validity of the underlying findings.

Similarly, while professional regard for a late colleague does not provide a substitute for the resentencing court's exercise of its discretion anew, neither is there anything inherently suspicious about two district judges coming to the same conclusions following their respective evaluations of the appropriate record. Based on our careful review of the record here, we see no reason to infer from Judge Keenan's expressions of praise for Judge Schwartz during the

6

resentencing hearing that Judge Keenan neglected his responsibility to conduct his own independent assessment of Rojas as he stood before the resentencing court.

Finally, Rojas challenges the substantive reasonableness of his sentence, though it is unclear to what extent his substantive disagreements with the term imposed are independent of the procedural objections noted above. In any event, "[w]e will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted). While we have declined to adopt a presumption that sentences within the Guidelines range are reasonable, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. Here, the district court found that Rojas was responsible for distributing approximately three tons of cocaine, that he played a managerial role in the conspiracy, and that his narcotics crimes involved the use of a firearm. Given these characteristics of the offense, we do not think that the district court's imposition of a 360-month sentence, which was near the midpoint of the Guidelines range of 324 to 405 months' imprisonment, was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Because we conclude that the sentence imposed was procedurally and substantively reasonable, we do not reach Rojas's request that the case be assigned to a different district judge on remand. We have considered Rojas's remaining arguments and find them to be without

merit.[3]  Accordingly, for the foregoing reasons, the amended judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3] Insofar as Rojas contends for the first time in his reply brief that the district court failed to comply with its responsibility pursuant to 18 U.S.C. § 3553(c) to "state in open court the reasons for its imposition of the particular sentence," we do not reach that challenge.  Absent manifest injustice, "arguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).  We see no reason to excuse Rojas's waiver in the circumstances of this case.